**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RON KEITH MORRISON,** | § | |
| **Reg. No. 21229-056,** | § | |
| **Petitioner,** | § | |
| | § | **EP-14-CV-162-KC** |
| **v.** | § | |
| | § | |
| **RACHEL CHAPA, Warden,** | § | |
| **Respondent.** | § | |

**<u>DISMISSAL ORDER</u>**

In a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Petitioner

Ron Keith Morrison ("Morrison"), a prisoner at the La Tuna Federal Correctional Institution in

Anthony, Texas,[1] challenges his sentence.[2]  Morrison asserts the trial court erred when it

sentenced him as a career offender.  After reviewing the record and for the reasons discussed

below, the Court will *sua sponte* dismiss his petition, pursuant to 28 U.S.C. § 2243.[3]

**BACKGROUND AND PROCEDURAL HISTORY**

According to court records in cause number 7:02-CR-107-BR-1 in the United States

District Court for the Eastern District of North Carolina, the trial court ordered a presentence

investigation report ("PSR") after a jury found Morrison guilty of two counts of possession of

ammunition by a convicted felon ("counts two and three"), and one count of possession with the

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas.  28 U.S.C. § 124(d)(3) (2006).

[2] J., ECF No. 45, *United States v. Morrison*, 7:02-CR-107-BR-1 (E.D. N.C. May 7, 2003).

[3] 28 U.S.C. § 2243 (2006) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

intent to distribute cocaine base ("count four").  The PSR revealed Morrison had multiple prior convictions in the North Carolina state courts, including two felony convictions in 1989 for discharging a firearm into an occupied vehicle and assault with a deadly weapon inflicting serious injury, which the trial court counted as a single offense, and one felony conviction in 1994 for possession with intent to sell and deliver cocaine.  Based on these prior state-court convictions, the trial court determined that Morrison met the criteria for designation as a career offender under Sentencing Guideline § 4B1.1 for the purposes of calculating his offense level for count four.[4]  The career offender status raised Morrison's criminal history from category IV to category VI.  This resulted in a guideline range of 210-240 months' imprisonment for count four.  At Morrison's sentencing hearing, the Court adopted the PSR guideline calculations and imposed an aggregate sentence of 210 months' imprisonment.  The Fourth Circuit Court of Appeals affirmed the convictions and sentences.[5]

In a motion to vacate his sentence under 28 U.S.C. § 2255, Morrison claimed, based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), the trial court erred when it classified him as a career offender and, therefore, incorrectly calculated his guideline range.  In *Simmons*, the Fourth Circuit Court of Appeals explained "that federal courts should not apply hypothetical sentencing enhancements 'after the fact' in a manner that would 'denigrate the

_____

[4] *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2002) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[5] *United States v. Morrison*, 92 F. App'x 939 (4th Cir.), *cert. denied*, 543 U.S. 982 (2004).

-2-

independent judgment of state prosecutors to execute the laws' of their states."[6]  In a memorandum in support of the United States' motion to dismiss, the Government conceded "that, under the reasoning of *Simmons*, [Morrison's] conviction for Possession With Intent to Sell/Deliver Cocaine . . . was not punishable [by the State of North Carolina] by more than one year [sic] imprisonment, and therefore [Morrison] lacked the necessary predicates to be classified as a career offender."[7]  The Government went on, however, to move to dismiss Morrison's motion because it was untimely.  The trial court granted the Government's motion on June 10, 2013, reasoning "*Simmons* is not a decision which invalidates any of petitioner's prior, underlying convictions; rather, its application concerns the legal significance one of those convictions.  As such, that petitioner filed his motion within one year of *Simmons* does not make his motion timely under § 2255(f)(4)."[8]  While the trial court dismissed Morrison's § 2255 motion, it also granted him a certificate of appealability as to whether he timely filed his motion.  Morrison claimed he "did not learn of the courts' ruling until November 2013."[9]  The Fourth Circuit subsequently denied his motion for an order authorizing the trial court to consider a second or successive application for § 2255.[10]  The instant petition for a writ of habeas corpus

---

[6] *Simmons*, 649 F.3d at 249–50 (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 265 (2010)).

[7] Mem. in Supp. Gov't's Mot. to Dismiss n.2, May 29, 2012, ECF No. 68, *United States v. Morrison*, 7:02-cr-00107-BR-1 (E.D. S.C.).

[8] Order 3, June 10, 2013, ECF No. 69, *United States v. Morrison*, 7:02-cr-00107-BR-1 (E.D. S.C.).

[9] Pet'r's Mem. in Supp. 14, Apr. 30, 2014, *Morrison v. Chapa*, EP-14cv162-KC (W.D. Tex.).

[10] *In re Morrison*, No. 14-136 (4th Cir. Mar. 7, 2014).

pursuant to 28 U.S.C. § 2241 followed.

In his petition, Morrison once again claims, "based on the Fourth Circiut's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc)," the trial court wrongfully sentenced him as a career offender.[11]  He asks the Court to adjust his "sentence to a legally proscribable [sic] term of imprisonment."[12]

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[13]  To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[14]  A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[15]  By contrast, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[16]  Thus, relief under § 2255 is warranted for errors that occurred at trial or sentencing.[17]  A § 2255 petitioner may only bring his motion in the district of

---

[11] Pet'r's Mem. in Supp. 2, Apr. 30, 2014, *Morrison v. Chapa*, EP-14cv162-KC (W.D. Tex.).

[12] *Id.* at 5.

[13] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[14] 28 U.S.C. § 2241(c) (2006).

[15] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[16] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[17] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.

conviction and sentence.[18]

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules.  It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[19] Furthermore, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[20]

A petitioner must prove both prongs to successfully invoke the savings clause.[21]  Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255

---

1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under§ 2255).

[18] *Pack*, 218 F.3d at 452.

[19] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[20] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[21] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

-5-

remedy is inadequate or ineffective.[22]

      With these principles in mind, the Court turns to Morrison's claims.

## ANALYSIS

      In his § 2241 petition, Morrison argues, "based on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc)," the trial court wrongfully sentenced him as a career offender.[23]  In *Simmons*, the Fourth Circuit held that under North Carolina's structured sentencing scheme, an offense is a felony only if the particular defendant before the court could have received a term of imprisonment exceeding one year based on his criminal history and the nature of his offense.[24]  Morrison avers that under North Carolina law, his 1994 conviction for possession with intent to sell and deliver cocaine was not a felony, as defined in Sentencing Guideline § 4B1.2,[25] because his maximum punishment under North Carolina law included only eight months' imprisonment.[26]

      As discussed above, a § 2255 motion, not a § 2241 petition, "'provides the primary means

---

    [22] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

    [23] Pet'r's Mem. in Supp. 2, Apr. 30, 2014, *Morrison v. Chapa*, EP-14cv162-KC (W.D. Tex.).

    [24] *Simmons*, 649 F.3d at 243–44.

    [25] *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 cmt. n.1 (2002) ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.").

    [26]  Pet'r's Mem. in Supp. 11.

of collateral attack on a federal sentence.'"[27]  A petitioner may proceed with a challenge of the

validity of a sentence in a § 2241petition *only* if he can meet the requirements of the § 2255(e)

"savings clause."[28]  Thus, to successfully invoke the savings clause, a petitioner must show (1) a

Supreme Court decision with retroactive effect establishes that he may have been convicted of a

nonexistent offense, and (2) circuit law precluded his claim at the time of his trial, appeal or first

§ 2255 motion.[29]

     "Only the Supreme Court can render a new rule retroactively applicable to cases on

collateral review."[30]  In *Simmons*, the Fourth Circuit—not the Supreme Court—held that a trial

court should not consider hypothetical aggravating factors when calculating defendant's

maximum term of imprisonment under Controlled Substances Act.[31]  Further, *Simmons* involved

a direct criminal appeal, not a retroactive application of a rule on collateral review.  Finally,

Morrison does not suggest that he may have been convicted of a nonexistent offense; he claims

he is actually innocent of the sentence enhancement.  A claim of actual innocence of a sentencing

enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type

of claim that warrants review under § 2241."[32]  Until the Supreme Court makes *Simmons*

retroactively applicable on collateral review, it cannot form the basis for a finding that § 2255 is

---

[27] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox*, 911 F.2d at 1113).

[28] *Kinder*, 222 F.3d at 212 (emphasis added).

[29] *Reyes-Requena*, 243 F.3d at 904.

[30] *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013).

[31] *United States v. Simmons*, 649 F.3d 237, 243 (4th Cir. 2011) (en banc)

[32] *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011)

inadequate or ineffective.[33]  Consequently, Morrison is not entitled to habeas relief under § 2241.

## CONCLUSION AND ORDERS

Accordingly, after carefully examining the record, the Court concludes it does not have the subject-matter jurisdiction necessary to grant Morrison § 2241 relief.  Therefore, the Court enters the following orders:

IT IS ORDERED that Petitioner Ron Keith Morrison's pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that all pending motions in this cause, if any, are **DENIED AS MOOT**.

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this case.

SO ORDERED.

SIGNED this 12th day of May 2014.

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

_____

[33] Morrison may file a second or successive motion for post-conviction relief under 28 U.S.C. § 2255 in the Eastern District of North Carolina if it is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," and if he first obtains authorization from a three-judge panel of the Fourth Circuit Court of Appeals.  28 U.S.C. § 2255(h).